UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LEONARD PRENTICE,

Plaintiff,

v.

MINNESOTA DEPARTMENT OF REVENUE,

Defendant.

Civil No. 01-2127 (ADM/AJB)

**ORDER**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 2), by which he is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). As discussed more fully below, the Court finds that Plaintiff cannot be granted IFP status at this time because (a) his current Complaint fails to state a claim on which relief can be granted, and (b) his IFP application has not been properly completed. However, Plaintiff will be given an opportunity to file an Amended Complaint and an Amended IFP Application, and if he does so within the time allowed by this order, the Court will then re-consider whether IFP status should be granted.

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP Complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a Complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the

FILED NOV 28 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The instant Complaint is set forth on a pre-printed form entitled "TITLE VII COMPLAINT AND MOTION FOR OTHER RELIEF." (Docket No. 1.) Plaintiff's use of this form suggests that he is attempting to sue the named Defendant for some type of discriminatory conduct relating to his past employment. He has provided no other information, however, about the factual and legal bases for his claim(s). Paragraph 12 of the Complaint form states that "[a] copy of the charge to the Equal Employment Opportunity Commission is attached to this Complaint and is submitted as a brief statement of the facts of [the] claim." However, no such "charge" was actually submitted, and the Complaint therefore does not include any "brief statement of the facts."[2] Paragraph 14 of the Complaint form indicates that "Plaintiff(s) has no adequate remedy at law to redress the wrongs described below," but no such "wrongs" are actually "described below" -- or anywhere else in Plaintiff's pleading.

The Court finds that the instant Complaint is deficient because Plaintiff has not described the specific wrongful acts or omissions on which his claims are based, nor has he identified any of the individuals who allegedly are responsible for any such wrongful acts or omissions. Furthermore, he has not adequately described any specific harm that he has suffered as a result of any such misconduct. In short, even with the liberal construction that is required in pro se cases (Atkinson, 91 F.3d. at 1129, citing Haines v.

---

effective date of the PLRA), provides for dismissal of IFP cases not only where the Complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

[2] The Complaint is accompanied by a form entitled "Dismissal and Notice of Rights," which Plaintiff received from the Equal Employment Opportunity Commission. That document, however, does not describe any of the facts giving rise to Plaintiff's claim(s); it is merely a formal notice confirming his right to file suit.

Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), the Complaint fails to state any claim on which relief may be granted, because it does not include any factual allegations of any kind.

Because Plaintiff's Complaint does not set forth sufficient factual allegations to state any cognizable claim, his IFP application cannot be granted at this time, and the action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, Plaintiff may file an Amended Complaint if he believes that he can plead sufficient facts to support an actionable claim.

If Plaintiff elects to file an Amended Complaint, he must submit an entirely new pleading identified as "Amended Complaint." Any such Amended Complaint must be a complete and adequate pleading by itself; it cannot be merely a supplement to the original Complaint, but rather, it must completely replace the original pleading. Needless to say, any Amended Complaint must provide a much more complete statement of the factual and legal grounds on which Plaintiff's claims are based. If Plaintiff elects to file an Amended Complaint, he must do so within twenty (20) days after the date of this Order. If Plaintiff does not file an Amended Complaint within the time allowed, it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

The Court also finds that Plaintiff's IFP application is defective. Plaintiff has submitted only the first side of the two-sided IFP application form prescribed for use in this District. Because the second side of the application form is missing, the Court has no information about Plaintiff's current assets, which makes it impossible to determine whether he is financially eligible for IFP status. Plaintiff's IFP application is also defective because

he has not signed it. To cure these defects, Plaintiff will have to submit an amended IFP application, which (a) has been fully and accurately completed, and (b) bears his signature. In the alternative, of course, Plaintiff may pay the regular $150 filing fee, and prosecute his claims as a non-IFP litigant. If Plaintiff does not pay the regular filing fee or file an Amended IFP Application within twenty (20) days after the date of this order, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), is **DENIED WITHOUT PREJUDICE**; and

2. Within twenty (20) days after the date of this order, Plaintiff shall (i) file an Amended Complaint describing the factual and legal bases for his claims, and (ii) either pay the full $150 filing fee for this action or else file an Amended IFP Application; and if does not comply with both of these requirements within the time allowed, it will be recommended that this action be dismissed, without prejudice, for failure to prosecute.

DATED: 11/28, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge